# GENERAL SESSIONS.

## NEW YORK, NOVEMBER, 1823.

*The People*
vs. } COUNTERFEIT NOTES.
*Noah Pomeroy.*

*Maxwell,* District Attorney, counsel for the people.

Messrs. *Price* and *M'Ewen,* counsel for the prisoner.

Noah Pomeroy was tried upon an indictment contain-
ing four counts, for having in his possession certain
forged and counterfeit bank bills, with intent to pass the
same, and also for having uttered them, knowing them to
be forged. It came out in testimony, that the police of our
city despatched two of their officers, Messrs. Hays, sen-
ior, and Homans, in pursuit of the prisoner on the eve-
ning of the 13th of October. They found him in Harman-
street; and as they seized him, they distinctly saw him, by
the light of the moon, drop from his hand a paper, which
he attempted to tread upon, containing four counterfeit
bank bills of the Eagle Bank in New Haven, which were
set forth in the indictment. No evidence was offered of
any attempt on the part of the prisoner to utter the bills in
question, and the counts which related to his having them
in possession, with intent to pass, constituted the only
issue ; and for proof of this the District Attorney rested
upon the testimony of Messrs. Hays and Homans.

Messrs. Price and M'Ewen, of counsel for the prison-
er, took an exception to the indictment, on the ground
that the bills therein set forth were charged to be forged
and counterfeit, with intent to defraud the President, Di-
rectors and Company of the Eagle Bank. The bills

N'W YORK,
Nov. 1823.

The People
v.
Pomeroy.

produced in evidence were imitations of the bills issued in the name of " the President, Directors and Company of the Eagle Bank *in the city of New Haven.*" A Bank is a body politic, and can be known only by its corporate name ; any thing more or less than its baptismal desription contained in its charter is a defect which no testimony nor averment can supply. The words, " in the city of New Haven," being therefore a part of its corporate name, were essential in the indictment, and their omission was fatal: There might be other banks in the United States by the name of the Eagle Bank, and if this were the only necessary description, the indictment might aim at one set of bills, and the testimony might support it by proof of another. To lay the act complained of with an intent to defraud persons unknown, would be good ; but to lay it with intent to defraud a body corporate, designated by a name unknown to the statute which created it, was a course unauthorized either by principle or precedent.

Mr. Maxwell, District Attorney, contended, that if the indictment was laid with a certainty which in legal parlance is denominated " certainty to a common intent," it was sufficient. The gravamen of the case was not the rights acquired by the bank under their charter, but the fraud practised upon the public by the prisoner at the bar. If the rights or duties of the bank were specifically at issue, the objection might be good, but here the great point was whether the individual named had been guilty of the crime which it was the intention of the statute to guard against and punish.

The Court reserved the question as raised by the counsel ; but the jury, on the facts disclosed in evidence, returned a verdict of GUILTY.